IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Fred Flores, Jr., | ) |
|               Plaintiff, | ) |
| v. | ) C/A No. 2:11-1278-TMC |
| Robert M. Stevenson, III, Warden; Sharonda Sutton, Major; John Barkley, Associate Warden Programs; Valerie Whitaker, Classification Case Worker; and Percy Jones, Administrative Captain, | ) |
|               Defendants. | ) |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On October 28, 2011, Defendants filed a Motion for Summary Judgment. (Dkt. # 29), and on November 2, 2011, Plaintiff also filed a Motion for Summary Judgement (Dkt. # 32). On May 11, 2012, Magistrate Judge Bruce Howe Hendricks issued a Report and Recommendation ("Report") recommending that Defendants' Summary Judgment Motion be granted and Plaintiff's Summary Judgment Motion be denied. (Dkt. # 46). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (Dkt. # 46 at 18). On June 1, 2012, Plaintiff timely filed objections to the Report. (Dkt. # 49).[1]

---

[1] Plaintiff's objections were due May 29, 2012. Although the objections were not docketed until June 1, 2012, Plaintiff has stated he gave his objection to the mail room supervisor on May 25, 2012, and the envelope containing the objections was stamped as having been received by the prison mailroom on May 29, 2012. (Dkt. # 48 and 49 Attach. # 2). Accordingly, Plaintiff's objections are timely. *Houston v. Lack*, 487 U.S. 266, 276 (1988)(holding prisoner's pleading is deemed filed when prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk.").

The court is charged with making a de novo determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

As noted above, Plaintiff filed objections to the Report. (Dkt. # 49). The court has carefully reviewed Plaintiff's objections and finds that his objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims.[2]

---

[2]The court notes that Plaintiff contends that Defendants did not file any responses to his motion for discovery, his summary judgment motion, or his first set of interrogatories. On November 22, 2011, Plaintiff filed a motion to compel stating that he sent discovery requests to Defendants on July 20, 2012, and the Defendants failed to answer. (Dkt. # 36). The Magistrate Judge denied the motion because the motion was untimely and Plaintiff failed to attach a copy of the discovery requests to his motion. (Dkt. # 40). The Magistrate Judge also noted that Plaintiff had attached his first set of interrogatories which were served on November 22, 2011. The Magistrate Judge noted that discovery requests should not be filed with the court and the deadline to file dispositive motions had already passed on October 31, 2011. Further, she noted that

2

Accordingly, after a thorough review of the Report and the record in this case, the Plaintiff's objections are overruled and the court adopts the Report and incorporates it herein. Plaintiff's Motion for Summary Judgment (Dkt. # 32) is **DENIED**. Defendants' Summary Judgement Motion (Dkt. # 29) is **GRANTED** and this action is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

July 2, 2012
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

Defendants had already filed a motion for summary judgment on October 28, 2011.